UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JO ELLEN INVESTMENTS, L.L.C.                                    CIVIL ACTION

VERSUS                                                          No. 06-7404

LAFAYETTE INSURANCE CO., *et al.*                               SECTION: I/4

ORDER AND REASONS

Before the Court is a motion to remand filed on behalf of plaintiff, Jo Ellen Investment, L.L.C.  Also before the Court is plaintiff's motion to withdraw its motion to remand.  Defendants in this matter are Lafayette Insurance Company, United Fire Group, and United Fire & Casualty.  Defendants have consented to plaintiff's motion to withdraw; however, defendants have not yet responded to plaintiff's motion to remand.  For the following reasons, plaintiff's motion to withdraw its motion to remand is **DENIED**, and plaintiff's motion to remand is **GRANTED**.

This Court has issued extensive opinions on the full range of legal issues regarding motions to remand in Hurricane Katrina insurance litigation.  *See, e.g.*, *Bourgeois v. State Farm Fire & Cas. Co.*, No. 06-8037, 2006 WL 3344736 (E.D. La. Nov. 16, 2006); *Rizzuto v. Tully*, No. 06-6883, 2006 WL 3332832 (E.D. La. Nov. 14, 2006); *Jackson v. State Fire & Cas. Ins. Co.*, No. 06-4467, 2006 WL 3332835 (E.D. La. Nov. 9, 2006); *Yount v. Lafayette Ins. Co.*, No. 06-7382, 2006 WL 3240790 (E.D. La. Nov. 7, 2006); *Trosclair v. Security Plan Life Ins. Co.*, No. 06-9220, 2006 U.S. Dist. LEXIS 84100 (E.D. La. Nov. 6, 2006); *Richmond v. Chubb Group of Ins. Cos.*, No. 06-3973, 2006 WL 2710566 (E.D. La. Sept. 20, 2006); *Best v. Independent Ins.*

*Assocs. Inc.*, No. 06-1130, 2006 WL 2710445 (E.D. La. Sept. 19, 2006); *Nash v. Harry Kelleher & Co.*, No. 06-1083, 2006 WL 2644960 (E.D. La. Sept. 14, 2006); *Smith Lupo Williams Partners v. Carter*, No. 06-2808, 2006 WL 2548255 (E.D. La. Aug. 31, 2006).

After fully considering the law, the facts, and the arguments of all parties, the Court finds that the above-cited decisions, when applied to the facts of this case, dictate a remand.  The Court is inundated with motions to remand in cases such as this one, and it is neither in the interest of justice nor judicial economy to issue an extensive, yet repetitive, opinion.  The Court, therefore, incorporates the applicable legal standards and analysis from its prior opinions as though fully written herein.

Plaintiff has recently moved to withdraw its motion to remand, suggesting that a recent ruling in this district by Judge Stanwood R. Duval, Jr. and "the changing landscape in many of the post-Katrina insurance claims" warrants more consideration of the jurisdictional issue presented by this case.  The Court, however, finds the lack of subject matter jurisdiction here grounded in *terra firma*.  The above-cited cases reject the argument that jurisdiction in this case may be established by 28 U.S.C. § 1369, the Multiparty, Multiforum Trial Jurisdiction Act, as defendants contend in their removal petition.  The Court sees no reason why this case might be related to the cited matter before Judge Duval,[1] and there is no reason why the Court should stay the remand of this case.  Indeed, "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*,__U.S.__, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006); *see also* Fed. R. Civ. Pro.

---

[1]In the eponymous *In re: Katrina Canal Breaches Consolidated Litigation*, Civ. Action No. 05-4182, Judge Duval has consolidated cases relating to flood damage as a result of canal breaches.  Plaintiff's complaint, however, states that its building "did not sustain any damage due to floodwater."  Rec. Doc. No. 1-2, p. 3.

12(h)(3); *Villarreal v. Smith*, No. 05-40675, 2006 U.S. App. LEXIS 23015, at *5 (5th Cir. Sept. 8, 2006).

Accordingly,

**IT IS ORDERED** that the plaintiff's *ex parte* motion to withdraw its motion to remand[2] is **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's motion to remand[3] is **GRANTED,** and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana, December   8th  , 2006.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[2] Filed Dec. 7, 2006.

[3] Rec. Doc. No. 4.